UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on January 8, 2021

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | |
| | : | |
| KELLYE SORELLE, | : | |
| | : | |
| Defendant. | : | |

## MOTION TO SEAL INDICTMENT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal the Indictment in this case, this Motion, the proposed Order attached to this Motion, and any Order granting this motion—all until the arrest warrant in this case is executed. In support thereof, the Government states as follows:

1. The United States is investigating Kellye SoRelle for her alleged role in events at the United States Capitol on January 6, 2021. Today, the government is filing the Indictment in this case, charging SoRelle with conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k); corruptly obstructing an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(2), 2; entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); and obstruction of justice by corruptly persuading others to withhold or destroy records or objects, in violation of 18 U.S.C. §§ 1512(b)(2)(A)-(B). Relatedly, the government is also seeking an arrest warrant for SoRelle.

1

2. As such, the government is moving to seal the Indictment, and all related filings, until the arrest warrant for SoRelle has been executed.

3. The Indictment should remain sealed so that SoRelle is not alerted to the existence of the indictment until she is arrested. The public disclosure of the Indictment may affect the integrity of the investigation by causing alleged conspirators and witnesses to destroy evidence and/or hinder the ability of the government to safely locate and arrest SoRelle, who resides in Texas. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter and to allow law enforcement to safely take SoRelle into custody.

4. Although there is a presumption of access to court proceedings, this presumption can be overridden if "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." Washington Post v. Robinson, 935 F.2d 282, 288, 290 (D.C. Cir. 1999) (internal citation and quotation omitted).

5. In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting SoRelle. A limited sealing order ensuring that filings related to the indictment are not accessible from the court's public files, for a short period of time, is narrowly tailored to serve a compelling interest.

6. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an indictment, or a resulting sealing order, means that a defendant is charged with a crime and the United States

intends to arrest her. Thus, if this motion or a sealing order were to become public, it would be the same as making public the Indictment.

7.  The United States therefore proposes that the Indictment be unsealed upon the arrest of SoRelle—i.e., when law enforcement has determined that the investigative and safety risks outlined above have been appropriately mitigated.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until the arrest warrant for SoRelle has been executed, the Indictment in this case, this Motion, the proposed Order attached to this Motion, and any Order granting this motion.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: _____
Troy A. Edwards, Jr.
Assistant United States Attorney
N.Y. Bar No. 5453741
Ahmed M. Baset
Louis Manzo
Jeffrey S. Nestler
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office, District of Columbia
601 D Street NW
Washington, D.C. 20530

/s/
_____
Justin Sher
Alexandra Hughes
Trial Attorneys
National Security Division,
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

3