IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-cr-28 (APM)** |
| | : | |
| v. | : | |
| | : | |
| **DONOVAN CROWL, and** | : | |
| | : | |
| **JAMES BEEKS,** | : | |
| Defendants. | | |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-cr-609 (APM)** |
| | : | |
| v. | : | |
| | : | |
| **JEREMY BROWN,** | : | |
| Defendant. | : | |
| | : | |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 22-cr-290 (APM)** |
| | : | |
| v. | : | |
| | : | |
| **KELLYE SORELLE,** | : | |
| Defendant. | : | |
| | : | |

**UNITED STATES' MOTION FOR JOINDER OF CASES FOR TRIAL**

The United States of America, by and through the United States Attorney for the District of Columbia, hereby respectfully move the Court to join for the purpose of trial cases 21-cr-28, *United States v. Crowl and Beeks*; 21-cr-609, *United States v. Jeremy Brown*; and 22-cr-290, *United States v. Kellye SoRelle*.  In Case No. 22-cr-290, Defendant Kellye SoRelle is alleged to

have engaged in a conspiracy to corruptly obstruct Congress's certification of the Electoral College vote on January 6, 2021.  In the related manner, 21-cr-28, Defendants Donovan Crowl, James Beeks, and others are alleged to have participated in the same conspiracy.  In the final related matter of 21-cr-609, Jeremy Brown is alleged to have traveled to D.C. with the Florida co-conspirators of SoRelle, Crowl, and Beeks, and to have then entered the restricted areas of the U.S. Capitol grounds on January 6.

The United States now moves the Court to join the charges in these three matters for trial on a date to be determined at a future status hearing, which the government asks this Court to set jointly in all three cases.  Joinder of cases for trial is proper under Federal Rules of Criminal Procedure 8(b) and 13, promotes judicial efficiency, and would not unfairly prejudice the defendants.  For these reasons, the Government requests that its motion be granted.  Undersigned counsel have not had the opportunity to consult with counsel for the defendants but wanted to file this motion in advance of the next status hearing in these cases, which is scheduled for Defendant Crowl for this upcoming Friday, March 3.  The government would propose that a status/motions hearing be scheduled in all of these cases in early April to address this motion for joinder and, regardless of outcome, to discuss trial dates.

**BACKGROUND**

The 2020 United States Presidential Election ("Presidential Election") occurred on November 3, 2020.  As of November 7, 2020, the incumbent President Donald J. Trump was projected to have lost the Presidential Election.  As this Court is aware from the three trials it has presided over in Case No. 21-cr-28 and the related matter of *U.S. v. Elmer Stewart Rhodes III*, et al., 22-cr-15-APM, Rhodes, who is the founder and leader of the Oath Keepers, reacted to the Presidential Election by encouraging members and affiliates of his organization to oppose by force

the lawful transfer of power. To this end, Rhodes and certain regional leaders of the Oath Keepers began recruiting others, including Defendants Crowl, Beeks, and Brown, to travel to Washington, D.C., to participate in operations aimed at stopping the transfer of presidential power.

Beginning in late December 2020, via encrypted and private communications applications, Rhodes and his alleged co-conspirators—to include Defendants SoRelle and the leaders of Defendants Crowl's, Beeks', and Brown's regional Oath Keepers-affiliated groups—coordinated and planned to travel to Washington, D.C., on or around January 6, 2021, the date of the Certification of the Electoral College vote. Defendant SoRelle joined Rhodes in two public calls to action posted on the Oath Keepers website. On December 14, 2020, for example, Rhodes and SoRelle wrote, "We are in a fight, no matter what. Let's get it done with you as Commander in Chief." Case No. 22-cr-15, Gov. Exh. 1005. If President Trump failed to act, Rhodes and SoRelle jointly warned, "we the people will have to fight a bloody revolution/civil war to throw off an illegitimate deep state/Chinese puppet regime." *Id*. Rhodes signed the letter, "Stewart Rhodes, Yale 04, Army Airborne veteran." SoRelle signed the letter, "Kellye SoRelle, Texas attorney and former prosecutor."

On December 23, 2020, Rhodes and SoRelle published a second letter, in which they wrote, "If you [President Trump] fail to do your duty, you will leave We the People no choice but to walk in the Founders footsteps, by declaring the regime illegitimate, incapable of representing us, destructive of the just ends of government . . . And, like the Founding generation, we will take to arms in defense of our God given liberty, we will declare our independence from that puppet regime, and we will fight for our liberty." Case No. 22-cr-15, Gov Exh. 1008. Rhodes signed the letter, "Stewart Rhodes, Founder of Oath Keepers," among other titles. SoRelle signed, "Kellye SoRelle, Texas patriot lawyer, Former Texas Prosecutor." *Id*.

On December 29, 2020, Rhodes sent SoRelle the messages at issue, explaining that Congress would not fear them "till we come with rifles in hand."  Case No. 22-cr-15, Gov. Exh. 1.S.737.2818.  Rhodes and other co-conspirators coordinated travel across the country to enter Washington, D.C., equipped themselves with a variety of weapons, donned combat and tactical gear, and were prepared to answer Rhodes' call to take up arms at Rhodes' direction. Some also amassed firearms on the outskirts of Washington, D.C., distributed them among "quick reaction force" ("QRF") teams, and planned to use the firearms in support of their plot to stop the lawful transfer of presidential power.   The evidence at trial will show that Defendant Crowl participated in these plans through his regional Oath Keepers leader, Jessica Watkins, and then traveled to Washington, D.C., with Watkins and two other Oath Keeper affiliates from Ohio.  Meanwhile, Defendant Brown coordinated travel to the D.C. area with other Florida Oath Keepers, led by Florida Oath Keepers leader Kelly Meggs, through encrypted messaging groups with names like "OKFL Hangout" and "OK FL DC OP Jan 6."  Brown caravanned to the D.C. area with other Florida Oath Keepers, driving his RV, which he dubbed, "Ground Force One."  Brown joined the Florida Oath keepers in dropping weapons at the QRF hotel in Virginia.   Finally, Defendant Beeks followed Oath Keeper planning for January 6 through a Florida Oath Keepers Twitter account.

On January 6, 2021, the Joint Session convened at the Capitol building for the Certification of the Electoral College vote.   A large crowd began to gather outside the Capitol perimeter as the Joint Session began at 1:00 p.m. Crowd members eventually forced their way through, up, and over United States Capitol Police barricades and advanced to the building's exterior facade. Shortly after 2:00 p.m., crowd members forced entry into the Capitol by breaking windows, ramming open doors, and assaulting Capitol Police and other law enforcement officers.

Around this time, Rhodes and SoRelle sent messages to their co-conspirators' condemning President Trump and Vice President Michael Pence for failing to stop the Certification and praising the rioters' conduct. In the "DC OP: Jan 6 21" group chat, Rhodes wrote, "Pence is doing nothing. As I predicted." Case No. 22-cr-15, Gov. Exh. 1500. At 1:38 p.m., Rhodes sent another message to the chat stating, "All I see Trump doing is complaining. I see no intent by him to do anything. So the patriots are taking it into their own hands. They've had enough." *Id.* Similarly, at 1:31 p.m., SoRelle sent a message to the "Leadership Intel" chat stating, "We are acting like the founding fathers – can't stand down. Per Stewart and I concur." Ten minutes later, Rhodes chimed into the same group chat with, "Hey, the founding generation stormed the governors mansion in MA . . . . They didn't fire on them, but they street fought. That's where we are now. Next comes our 'Lexington.'" *Id.* In the context of all the messages Rhodes and his co-defendants had exchanged in the lead-up to January 6, these words were a call to action.

Indeed, shortly after Rhodes and SoRelle sent these messages, a group of Oath Keepers who had been at the rally at the Ellipse that morning—including Defendants Crowl and Brown—began marching to the Capitol. Case No. 22-cr-15, Gov. Exh. 1500. Along the way, Defendant Beeks joined the group.

Meanwhile, shortly after 2:00 PM, SoRelle and Rhodes breached the restricted areas of the Capitol grounds. SoRelle livestreamed herself on Facebook with Rhodes and the Capitol building in the background, stating:

> I want to show y'all something, probably one of the coolest damn things I've seen in my entire life: I'm telling you right now, government, people are pissed, but you guys need to watch. They broke the line, guys. People are going. This isn't a bad thing, and you can't be scared. This is what you do. Otherwise you end up as Communist little peasants, in little societies where you have no ability, no voice, no vote—you're basically slaves. But this is what happens when the people are pissed—they rise up. So you know what, guys? It's pretty amazing. You guys

5

>should enjoy it. They broke the barrier, they got up there, they may end up inside before it's all said and done, and that's okay, too. That's how you take your government back. You literally take it back.

In another video, SoRelle stated, "Just so you can see, they had barricades up – keeping us away from the building was the goal. . . . Over the top, they've occupied both sides now, oh no, think we can hang 'til the 20th or what?"

Around 2:30 p.m., Crowl, Beeks, Brown, and other co-conspirators, wearing paramilitary clothing and patches with the Oath Keepers name, logo, and insignia-marched onto the Capitol grouds. Defendants Crowl and Beeks joined with twelve other Oath Keeper members and affiliates in a line formation to march up the east steps of the Capitol to the area outside of the Capitol Rotunda Doors, and then they breached the Capitol. The actions of Rhodes, SoRelle, Crowl, Beeks, Brown, and others in the mob forces Congress to suspend its session and delay the Electoral College certification vote.

On the evening of January 6, 2021, "Rhodes . . . came to believe that law enforcement was searching for Rhodes and others after their attack on the Capitol." Cooperator Joshua James Statement of Offense, Case No. 22-cr-15, ECF No. 60 at 10. "Rhodes divvied up various firearms and other gear among James and others who occupied a total of three cars. Rhodes left his mobile phone with one person and departed with another person in that person's car so that law enforcement could not locate and arrest him. The three cars departed in separate directions." *Id*. at 10-11. The person Rhodes left his phone with was Kellye SoRelle. On January 8, 2021, "James met with Rhodes and others at a restaurant in Alabama." After James showed Rhodes a video of his assault on law enforcement officers, Rhodes "told James to alter his physical appearance to conceal his identity." SoRelle was at the restaurant with Rhodes and James.

On January 8, 2021, SoRelle messaged the "Leadership Intel Sharing Secured" Signal group chat: "MESSAGE FROM STEWART: My cell is down. Will be back up soon. Can't be avoided for now." Case No. 22-cr-15, Gov. Exh. 54.S.125.2860. SoRelle later added: "FROM STEWART PART II: Do NOT chatter about any OK members doing anything at capital. Stop the chatter. I told you before that anything you say can and will be used against you. Apparently that wasn't worded strongly enough for some to get the message. So let me say it like this: CLAM UP. DO NOT SAY A DAMN THING. . . . Let me put it in infantry speak: SHUT THE FUCK UP!" Case No. 22-cr-15, Gov. Exh. 54.S.125.2869 - 2874. SoRelle concluded:

> STEWART: YOU ALL NEED TO DELETE ANY OF YOUR COMMENTS REGARDING WHO DID WHAT. You are under zero obligation to leave them up. You/we have not yet gotten a preservation order instructing us to retain those chat comments. So DELETE THEM. . . . DELETE your self-incriminating comments or those that can incriminate others. Start now. Each of you Go back to before the event and scroll forward and hunt down any comment you made that can be used against you, other Oath Keepers, or the org and delete them. And especially AARs [after action reports] and war stories. Kill em. Do it now.

Case No. 22-cr-15, Gov Exh. 54.S.125.2878 - 2879. SoRelle then messaged, "Go back and delete individual posts. Got it?" Case No. 22-cr-15, Gov. Exh. 54.S.125.2914. Other individuals in the chat immediately began setting messages to "disappear" and discussing how to delete messages on their phones and others' phones.

On June 22, 2022, Defendants Donovan Crowl, James Beeks, 6 other individuals were indicted on charges of conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k). Case No. 21-cr-28, ECF No. 684. That indictment alleged that, from December 2020 to January 2021, Defendants Crowl and Beeks entered into a conspiracy with Elmer Stewart Rhodes, III, then president of the Oath Keepers, other known members of the Oath Keepers, and affiliates to stop, delay, and hinder the Certification of the Electoral College vote on January 6,

7

2021.  On August 30, 2022, co-conspirator Kellye SoRelle was indicted on charges of, among others, conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k), for taking part in the very same conspiracy alleged in the previous indictment.  Case No. 22-cr-290, ECF No. 1.  Defendant Brown stands charged by Information with entering and remaining in a restricted building or grounds and disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. §§ 1752(a)(1),(2).  Case No. 21-cr-609, ECF No. 6.

## ARGUMENT

The Court should join Defendants SoRelle, Crowl, Beeks, and Brown for trial because 1) joinder of these cases is proper under Federal Rules of Criminal Procedure 8(b) and 13 when both cases involve a common series of acts that were part of the scheme or plan; and 2) joinder is strongly preferred in cases where the same evidence, witnesses, and testimony because it promotes judicial efficiency.  For these reasons the Government request that its motion be granted.

**I.     Joinder of these cases is proper under Federal Rules of Criminal Procedure 8(b) and 13.**

Under Rule 13 of the Federal Rules of Criminal Procedure, courts may "may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information."  Fed. R. Crim. P. 13.  In this Circuit, Rule 8(b) governs the permissibility of joining two defendants in the same trial. *United States v. Jackson*, 562 F.2d 789, 793 (D.C.Cir.1977). Rule 8(b) states:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). The "[a]cts or transactions form a 'series' within the meaning of the rule if they 'constitut[e] parts of a common scheme or plan.'" *United States v. Halliman*, 923 F.2d 873,

8

883 (D.C. Cir. 1991) (quoting *United States v. Perry*, 731 F.2d 985, 990 (D.C.Cir.1984)) (internal quotation marks omitted).   This Circuit has frequently held that this criterion is easily met through participation in the same criminal conspiracy.  *See, e.g., United States v. Mason*, 951 F.3d 567, 576 (D.C. Cir. 2020); *United States v. Spriggs*, 102 F.3d 1245, 1255-56 (D.C. Cir. 1996); *United States v. Eiland*, 406 F. Supp. 2d 46, 50 (D.D.C. 2005).   Courts determine whether this low bar is met by focusing "solely on the indictment and pre-trial submissions." *United States v. Gooch*, 665 F.3d 1318, 1334 (D.C. Cir. 2012).

Here, SoRelle played an active role in the conspiracy to obstruct the official proceeding on January 6, 2021.  Case No. 22-cr-290, ECF No. 1.  SoRelle was the only other signatory on the December 14 and December 23, 2020, open letters to then-President Trump urging him to invoke the Insurrection Act and warning that Rhodes, SoRelle, and other conspirators would act regardless.  Case No. 21-cr-28, ECF No. 684 at 13-14.  She later breached the restricted Capitol grounds with Rhodes and, while doing so, laid out exactly what her and others' intent was in a video: "They broke the barrier, they got up there, they may end up inside before it's all said and done, and that's okay, too.  That's how you take your government back.  You literally take it back."  She later added: "Just so you can see, they had barricades up – keeping us away from the building was the goal. . . . Over the top, they've occupied both sides now, oh no, think we can hang 'til the 20th or what?"  For these actions, SoRelle was indicted for conspiracy to obstruct an official proceeding.  Case No. 22-cr-290, ECF No. 1.  The evidence at trial will establish that Crowl, Beeks, and Brown were foot soldiers in this conspiracy.  They all participated in planning and coordination with regional Oath Keeper leaders—alleged co-conspirators—to come to the D.C. area for January 6.  They marched to the Capitol on January 6 together, at the request of SoRelle and Rhodes, and Crowl and Beeks then breached the building as part of the first group of

14 Oath Keepers to enter.

Because SoRelle, Crowl, Beeks, and Brown are alleged in to have been co-conspirators—albeit Brown as an unindicted co-conspirator—and because all four are alleged to have participated in the same series of acts or transactions, constituting an offense or offenses, joinder of their cases is proper under Federal Rules of Criminal Procedure 8(b) and 13. *United States v. McGill,* 815 F.3d 846, 905 (D.C. Cir. 2016) ("The govern3ment therefore satisfied its Rule 8 burden by explaining, in its motion to join the indictments, that 'McGill is a participant in the same narcotics and racketeering conspiracy' alleged in the broader indictment…").

## II. The court should join these cases for trial because it promotes judicial efficiency.

There is a strong preference for joint trials in federal criminal cases because they promote efficiency and consistency of verdicts. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). This preference is even stronger when the defendants are charged with participating in the same illegal acts and when the trials, if joined, would require the presentation of much of the same witness testimony and evidence. *United States v. Tucker*, 12 F.4th 804 (D.C. Cir. 2021). Specifically, "…this preference is 'especially strong' when 'the respective charges require presentation of much the same evidence, testimony of the same witnesses, and involve two defendants who are charged, inter alia, with participating in the same illegal acts.'" *United States v. Wilson*, 605 F.3d 985, 1016 (D.C. Cir. 2010) (quoting *United States v. Ford*, 870 F.2d 729, 731 (D.C.Cir.1989)). As stated in, *United States v. Leonard*, there is a

> … strong federal policy favoring joinder because it expedites the administration of justice, reduces the congestion of the trial dockets, conserves judicial time, lessens the burden upon citizens who must sacrifice both time and money to serve upon juries, and avoids the necessity of recalling witnesses who would otherwise be called upon to testify only once.

494 F.2d 955, 965 (D.C. Cir. 1974).

In addition to the conspiracy charge described above, for her actions on January 6, 2021, Defendant SoRelle is charged with the obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. 1512(c)(2), 2.  Case No. 22-cr-290, ECF No. 1.  Defendants Crowl and Beeks have been indicted on an identical charge for their actions on the same day.  Case No. 21-cr-28, ECF No. 684.  Defendant Brown is charged with entering and remaining in a restricted building or grounds and disorderly and disruptive conduct in a restricted building or grounds, for marching into the restricted areas of the Capitol grounds with Crowl and Beeks.  Case No. 21-cr-609, ECF No. 6.  The Government's investigation into the actions of the Oath Keepers and affiliates resulted in both the previously described allegations against Defendants SoRelle, Crowl, Beeks, Brown, Rhodes, and others.  As of this filing, the Government has completed two multi-defendant trials based on this investigation.  *United States v. Rhodes, et al.*, Case No. 22-cr-15.  A third multi-defendant trial, based on the Crowl/Beeks indictment is underway at present.  Case No. 21-cr-28.  In all three of these trials, the Government has relied upon presentation of much of the same evidence and testimony from many of the same witnesses to prove culpability for the same illegal acts.  The respective upcoming trials of Defendants SoRelle, Crowl, Beeks, and Brown would be no different, as the Government would rely on the same witnesses, testimony, and evidence from the first three trials in the three upcoming trials were they not to be joined.

Joinder is heavily favored in these circumstances.  *Wilson*, 605 F.3d at 1016.  Other courts in this district have elected to join co-conspirators' cases for the purpose of trial when the alternative was found to be similarly duplicative.  *United States v. Edelin*, 118 F.Supp.2d 36, 43 (D.D.C. 2000) ("given the number of witnesses that will testify as to the alleged conspiracy, the nature of the alleged conspiracy and the alleged participation of the defendants, severance would draw out the time needed for trial…");  *United States v. Erfrasio*, 935 F.2d 553, 571 (3d Cir. 1991)

(finding joinder to be appropriate when the same evidence could be applied to similar but distinct charges).   The Court should find joinder for trial in the instant matters appropriate because doing so would be interest of judicial efficiency by requiring the Government to furnish the same evidence and witnesses a once, in a single preceding, rather than twice, in two concurrent trials.

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that this Court join for the purpose of trial, the matters of 22-cr-290, 21-cr-609, and 21-cr-28.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:       /s/
Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar No. 994559
Troy A. Edwards, Jr.
Louis Manzo
Jeffrey Nestler
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, D.C. 20530

     /s/
Alexandra Hughes
Trial Attorney
National Security Division,
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20004