UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**       ) | |
| )  | |
| v.                                                           ) | Criminal No. 22-cr-290 (APM) |
| )  | |
| **KELLYE SORELLE,**                      ) | |
| )  | |
| Defendant.                                ) | |
| )  | |

# ORDER

**WHEREAS** on May 22, 2023, having considered Defendant Kellye Sorrelle's motion for competency restoration, as well as the reports submitted by both parties' medical experts, each of whom concluded that Defendant was then incompetent to stand trial but likely to regain in the foreseeable future, the court found by a preponderance of the evidence that Defendant was then suffering from a mental disease or defect rendering her mentally incompetent, to the extent that she was unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense, but that there was a substantial probability that in the foreseeable future she would attain the capacity to permit the proceedings to go forward, and the court accordingly ordered that Defendant be committed to the custody of the Attorney General for hospitalization for treatment in a suitable medical facility for the purposes of competency restoration; and

**WHEREAS** on November 27, 2023, Defendant reported to a Bureau of Prisons ("BOP") facility and began in-custody competency restoration; and

**WHEREAS** on February 2, 2024, a psychologist at the BOP submitted to the court a report containing the results of his forensic psychological examination of Defendant, in which he

observed that her condition had significantly improved and concluded that the defendant is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense and is therefore presently competent to proceed; and

**WHEREAS** the court held a hearing on February 8, 2024, pursuant to 18 U.S.C. § 4241, to determine the competency of Defendant, but at that hearing, the defense requested a continuance so that their expert could reexamine Defendant and offer his opinion as to her current status, and this court in the meantime made a preliminary finding that Defendant had regained competency and ordered her immediate discharge from the custody of the BOP; and

**WHEREAS** the court held a continued hearing on March 8, 2024, at which time defense counsel conveyed that the defense expert had completed his re-examination of Defendant and had provided a preliminary verbal report of his conclusion that Defendant is, in fact, now competent, and the court scheduled a trial date of November 12, 2024;

**WHEREAS** the court held a hearing on May 22, 2024, at which the defense represented that the defense expert had completed and submitted his report finding Defendant presently to be competent, and the defense stated that it is no longer contesting Defendant's competency;

**THE COURT NOW HEREBY FINDS,** by a preponderance of the evidence, that Defendant has recovered to such an extent that she is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense, and is therefore competent to proceed; and,

**IT IS HEREBY ORDERED** that this case will remain scheduled for trial to begin on November 12, 2024, with an interim remote status hearing scheduled for July 10, 2024, at 9:00 a.m.

_____
Amit P. Mehta
United States District Court Judge

Dated: July 2, 2024